845 F.2d 327
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROCKWELL INTERNATIONAL CORPORATION GRAPHIC SYSTEMS DIVISION,
a foreign corporation, and Rockwell International
Credit Corporation, a foreign
corporation, Plaintiffs-Appellees,
v.
FEDER LITHO-GRAPHIC SERVICES, INC., a Michigan corporation,
Defendant- Appellant.
 No. 87-1424.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1988.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Feder and Feder Printing, Inc. appeal from orders dismissing their counterclaims against Rockwell International in this bankruptcy action.
 
 
 2
 On December 2, 1977, David Feder contracted to buy a printing press from Rockwell for $374,430. The contract contained a one-year express warranty. Under the contract, Rockwell agreed to repair or replace parts not conforming to the warranty. The contract disclaimed all implied warranties and excluded consequential damages in the event of any breach of contract. The contract also prohibited any assignment of the contract without Rockwell's written consent.
 
 
 3
 In April 1978, Rockwell installed the press. The press repeatedly malfunctioned. Pursuant to its warranty obligations, Rockwell serviced the press without charge to Feder. The express warranty expired on April 21, 1979. On May 25, 1979, Feder incorporated his printing business as Feder Printing, Inc. On December 18, 1980, Feder Printing, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. At this time, David Feder was in default on the payments for the press. Rockwell moved to recover the press. On June 11, 1982, the bankruptcy judge ordered Feder Printing, Inc. to sell the press to Rockwell for $315,000. On July 8, 1981, Feder Printing, Inc. filed a counterclaim alleging breach of express and implied warranties and fraudulent inducement of the contract. The counterclaim alleged that Feder Printing, Inc. lost $500,000 in profits as a result of Rockwell's wrongdoings.
 
 
 4
 On January 8, 1985, the bankruptcy court entered a pretrial order that added David Feder as an additional claimant.
 
 
 5
 On October 23, 1986, the district court, without opinion, dismissed all of David Feder's claims and Feder Printing's claim for breach of an implied warranty. On March 17, 1987, the district court denied David Feder's motion to reconsider the dismissal of his claims and, again without opinion, granted Rockwell's motion to dismiss Feder Printing's remaining claims for fraudulent inducement and breach of an express warranty. At this point, all claims by David Feder and Feder Printing, Inc. had been dismissed.
 
 
 6
 The district court properly dismissed the claims. First, neither David Feder nor Feder Printing, Inc. can maintain an action for breach of an implied warranty because the contract disclaimed all implied warranties as authorized by Ill.Ann.Stat. ch. 26, Sec. 2-316.
 
 
 7
 Second, Feder Printing, Inc. cannot maintain either an action for breach of an express warranty or for fraudulent inducement of the contract. Rockwell and David Feder entered the contract in December of 1977, the one-year express warranty expired in April of 1979, and Feder Printing, Inc. was not created until May of 1979. Therefore, these claims originally belonged to David Feder and not to Feder Printing, Inc. And because there is no showing that David Feder obtained Rockwell's written consent to such an assignment as required by the contract, we conclude that David Feder did not assign his claims to Feder Printing, Inc.
 
 
 8
 Finally, David Feder's claims for breach of an express warranty and for fraudulent inducement of the contract are barred by the applicable statutes of limitations. David Feder was not added as a claimant until the bankruptcy court's order of January 8, 1985, and he recognizes that he cannot maintain these actions unless his addition relates back to the July 8, 1981 filing of the counterclaim by Feder Printing, Inc. Under the circumstances of this case, we believe that the addition of David Feder does not relate back to the filing of Feder Printing, Inc.'s counterclaim. See Leachman v. Beech Aircraft Corp., 694 F.2d 1301 (D.C.Cir.1982). Consequently, David Feder's actions are time barred.
 
 
 9
 The judgment of the district court is accordingly affirmed.